**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| ROY AUSTIN SMITH,            ) | |
|         ) | |
|       Plaintiff,         ) | |
|         ) | |
|     vs.               ) | Cause No. 3:07-CV-0207 PS |
|         ) | |
| DAWN BUSS, *et al.*,        ) | |
|         ) | |
|       Defendants.      ) | |

**<u>OPINION AND ORDER</u>**

Plaintiff, Roy Smith, a prisoner currently confined at the Wabash Valley Correctional

Facility, alleges that officials at the Indiana State Prison violated his federally protected rights by

being deliberately indifferent to his safety when they labeled him a snitch which resulted in him

being attacked with a knife by another inmate.  His complaint is brought pursuant to 42 U.S.C. §

1983. Pursuant to 28 U.S.C. §1915A(a), I must review the merits of a civil complaint in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity, and dismiss it if the action is frivolous or malicious, does not state a claim on which relief

may be granted or seeks monetary relief against a defendant who is immune from such relief.

Courts apply the same standard under § 1915A as when addressing a motion under Rule

12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards under Rule 12(b)(6) were recently retooled by the Supreme

Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the

"plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual

allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."*Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007)**.**

According to his complaint, Smith alleges that Correctional Officer Pietrowski charged him with obtaining a urine sample from another inmate, Thomas Price, to substitute for his own sample during a drug test. Price was a high ranking member of a prison gang. Officer Pietrowski also wrote a conduct report against Price, stating that Smith had admitted getting a sample from Price. Smith asserts that he did not get a sample from Price, and that he did not state that Price had given him a sample. He further alleges that Superintendent Dawn Buss and Correctional Officer S. Peek "maliciously and vindictively authored a document that was disseminated to the prison's general population that falsely labeled plaintiff as being a snitch." (Complaint at p. 4). Smith claims that he told the defendants they were endangering his life by "putting a snitch label" on him.

A disciplinary hearing board found both Price and Smith guilty of the urine swap charge.

Evidently, Price was not happy about this and he then told members of his gang, and leaders of other prison gangs, that Smith was an informant. As a result of this, Smith alleges that on November 25, 2005, a prisoner named Hunter attacked him with a knife, stating that he was "going to take the plaintiff's snitching life." (Complaint at p. 11).

Smith alleges that the defendants were deliberately indifferent to his safety and security in violation of the Eighth Amendment by falsely labeling him as a snitch. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991). Because deliberate indifference is comparable to criminal recklessness, *Farmer v. Brennan*, 511 U.S. at 837, a plaintiff must demonstrate more than inadvertence or negligence. *Billman v. Indiana Department of Correction*, 56 F.3d 785, 788 (7th Cir. 1995). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), *citing McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), *quoting Farmer v. Brennan*, 511 U.S. at 837-838.

Giving Smith the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim that the defendants in their individual capacities were deliberately indifferent

to his safety.[1]

Smith's complaint also brings allegations against defendants Buss, Pietrowski and Peek in their official capacity. (Complaint at p. 13). But the 11th Amendment precludes official capacity damage claims against state officials. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Moreover, state officials, in their official capacities, are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Thus, the claims against the defendants in their official capacity must be dismissed.

Smith further alleges that he was taken into custody after the fight with Hunter and was temporarily placed "in solitary confinement in a constitutionally prohibited punitive isolation cell," in the Special Management Unit,[2] and was placed on a restricted diet, (Complaint at p.13), in violation of the Constitution's Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment's due process clause. First, the Fourteenth Amendment's due process clause does not protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner, *Sandin v. Conner*, 515 U.S. 472,

---

[1] Attachments to Smith's complaint establish that ISP officials believed that Smith, not Hunter, was the aggressor, and that they charged Smith with battery. (Complaint, exhibits K, L, and N). It is not clear, however, whether the disciplinary hearing board found Smith guilty of battery. If the board found him guilty, as the aggressor, then his claim against defendants Pietrowski and Peek might be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which provides that if the remedy sought under § 1983 would require a finding or judgment that would have the effect of invalidating a conviction or sentence, the plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invaid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." The *Heck* doctrine applies to prison disciplinary hearings where the plaintiff lost good time credits or was demoted in credit earning classification. *Edwards v. Balisok*, 520 U.S. 641 (1997).

[2] This is not the first complaint Smith has filed dealing with placement in the SMU. In *Austin Smith v. Evelyn Ridley-Turner*, 3:05cv47, Smith alleged that on March 19, 2003, prison officials placed him in pre-hearing segregation the ISP's Special Management Unit ("SMU") for stabbing another inmate. He remained in the SMU for nine days, and then was transferred to another segregation unit.

478 (1995). The fact that ISP officials may have placed Smith in a segregation unit other than the one they usually use for pre-hearing segregation states no claim upon which relief can be granted. As for the Eighth Amendment claim, the Constitution "does not mandate comfortable prisons," and only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at  298, quoting *Rhodes v. Chapman*, 452 U.S. 337,  347, 349 (1981). If some of the conditions in the SMU were as Smith describes them, long-term confinement there might support an Eighth Amendment claim.  But conditions that would violate the Eighth Amendment over a long period of time may not constitute a constitutional violation if imposed for short periods of time. *See Jones-Bey v. Wright*, 944 F.Supp. 723, 732 (N.D. Ind. 1996). Smith's temporary placement in the Special Management Unit after his fight with Hunter did not violate the Eighth Amendment's prohibition against cruel and unusual punishments.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against the defendants for damages in their personal capacities on his Eighth Amendment claim that they were deliberately indifferent to his safety;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); **DISMISSES** all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on the defendants on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**SO ORDERED**.

ENTERED: January 18, 2008

/s Philip P. Simon
Philip P. Simon, Judge
United States District Court