UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROY AUSTIN SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 3:07-CV-207-PPS-CAN ) |
| DAWN BUSS *et al.*, | ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

This matter is before the Court on remand from the Seventh Circuit Court of Appeals, with instructions to conduct an evidentiary hearing to determine whether Plaintiff Roy Smith exhausted his administrative remedies before filing his § 1983 suit [DE 61 & 61-1]. Also before the Court is Smith's motion for appointment of counsel [DE 62].

Roy Smith, a prisoner currently confined at the Wabash Valley Correctional Facility ("WVCF"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that officials at the Indiana State Prison ("ISP") subjected him to cruel and unusual punishment in violation of the Eighth Amendment [DE 1]. Defendants moved for summary judgment, on the ground that Smith failed to exhaust all available administrative remedies before filing his § 1983 claim, as required by 42 U.S.C. § 1997e(a) [DE 21].

This Court granted Defendants' summary judgment motion, finding that Smith had not met his burden of coming forward with evidence sufficient to allow a factfinder reasonably to conclude that Smith had exhausted his available remedies [DE 40]. On January 29, 2010, the Seventh Circuit reversed and remanded, holding that Smith had provided sufficient evidence to create a fact issue as to whether administrative remedies were available to him [DE 61-1]. The Seventh Circuit thus instructed this Court to conduct an evidentiary hearing to resolve the exhaustion issue, as outlined in *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) [*Id.*].

This Court found that Smith had not exhausted his administrative remedies because ISP officials had returned his grievances to him as untimely, rather than reviewing them on the merits [DE 40]. But, as the Seventh Circuit explained, "if prison officials prevent an inmate from exhausting administrative remedies, . . . those remedies are not 'available' to the prisoner and he has not forfeited his ability to file suit" [DE 61-1]. The issue for the *Pavey* hearing, then, is whether Smith failed to exhaust because prison officials prevented him from doing so. If Smith did not exhaust because he was prevented from doing so, the failure is "innocent" and he must be given another chance, "provided that there exist remedies that he will be permitted by the prison authorities to exhaust." *Pavey*, 544 F.3d at 742. If, on the other hand, Smith's failure to exhaust was his fault, Smith's case must be dismissed. *Id.*

Smith can no longer obtain relief through the ISP grievance system because he is no longer confined there. If, therefore, a *Pavey* hearing revealed that Smith's failure to exhaust was innocent, this Court would not require him to file an additional grievance. The purpose of the exhaustion requirement is to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins"). *Pavey* cautions courts not to give prisoners "a runaround" by sending them back to pursue non-existent remedies. *Pavey*, 544 F.3d at 742. If a *Pavey* hearing reveals that Smith's failure to exhaust was innocent, because administrative remedies were unavailable to him, then § 1997e(a)'s purpose will have been satisfied, and the case will proceed to pretrial discovery, and if necessary a trial on the merits.

Defendants may of course elect to forgo the *Pavey* hearing, waive their exhaustion defense, and proceed to the merits. If Defendants instead wish to proceed with their exhaustion defense, the Court will refer the matter to Magistrate Judge Christopher A. Nuechterlein to supervise any discovery on the question of exhaustion he deems appropriate; conduct a *Pavey* hearing on the

2

exhaustion questions; and prepare a written report and recommendation.

Moreover, whether or not Defendants elect to proceed with the *Pavey* hearing, the Court will appoint counsel for Smith. A *Pavey* hearing, and a possible trial on the merits, are procedurally too complicated for an untrained *pro se* litigant to navigate.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Appointment of Counsel. The Court further **ORDERS** Defendants to inform the Court, **by April 12, 2010**, as to whether or not they elect to proceed with a *Pavey* hearing on the exhaustion issue. The Court will then issue a subsequent order that identifies and appoints counsel to represent Plaintiff.

**SO ORDERED.**

ENTERED: March 29, 2010

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT