UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROY AUSTIN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-0207 PS |
| ) | |
| DAWN BUSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

On October 20, 2011, the Defendants took Plaintiff Roy Smith's deposition at the Wabash Valley Correctional Facility, where he is housed. This matter is before the Court on Smith's motion to strike and/or suppress his deposition.

Smith first asserts that the deposition was taken with less than fourteen days notice in violation of Local Rule 30.1. But in this case, on September 27, 2011, this Court entered an order granting the Defendants leave to depose Smith at the Wabash Valley Correctional Facility (DE 129). The deposition itself did not take place until October 20, 2011, so Smith had far more than fourteen days notice that the Defendants would be taking his deposition. This Court concludes that Smith suffered no injury from the scheduling of the deposition on October 20, 2011, and that there is no reason to require the Defendants to take a second deposition of Smith.

The Plaintiff next asserts that "the statements and admissions sought to be suppressed were obtained in violation of the Plaintiff's Fifth Amendment . . . right not to be compelled to be a witness against himself" (DE 164 at 2). But this is a civil case, and "in a civil case, the Fifth Amendment does not privilege from

disclosure facts which simply would tend to establish civil liability but does protect witnesses from being required to make disclosures, otherwise compellable in the trial court's contempt power, which could incriminate them in a later criminal prosecution." *National Acceptance Co. Of America v. Bathalter*, 705 F.2d 924, 926-7 (7th Cir. 1983). The Defendants seek to use Smith's deposition in this civil case, which does not implicate the Fifth Amendment's prohibition against compelling self-incrimination. Smith does not state what statements he made that he believes might be used later in a criminal prosecution against him, but if the State ever attempts to use any of Smith's deposition testimony against him in a criminal prosecution, he may raise a Fifth Amendment objection at that time and in that case.

Smith states that the notice of deposition advised him that "[t]he deposition is to continue from day to day until completed," which he asserts violates Fed. R. Civ. P. 30(d)(1) which provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." But Smith does not assert that the deposition actually lasted more than seven hours on October 20, 2011, or that the deposition was continued on October 21, 2011. Accordingly, Smith's claim that the deposition violated the provisions of Fed. R. Civ. P. 30(d) is without merit.

Finally, Smith contends that the statements in his deposition "were obtained as a result of psychological and mental coercion . . . and were, therefore, involuntarily given" (DE 164 at 2). He specifically alleges that during the deposition he remained in leg shackles and a belly chain (DE 165 at 4). This

2

deposition was taken at the Wabash Valley Correctional Facility, one of the Indiana Department of Correction's "supermax" facilities. In its order granting leave to the defendants to depose Smith, this Court afforded the facility's superintendent the authority to select the place within the facility where the deposition would occur and control over the terms of the deposition (DE 129). If the Superintendent or his designee determined that security needs of the facility dictated that Smith remain shackled during the deposition, this Court will not second guess that decision.

Smith also asserts that during the deposition he "requested a break which was denied by Attorney General Donald G. Banta" (DE 165 at 5). He asserts that the denial of his request for a restroom break "exacerbated and intensified [his] fear of not being able to relieve himself." (*Id.*). This claim, however, is rebutted by the deposition itself.

Even though he has moved to strike or suppress his deposition, Smith has submitted portions of his deposition to the Court in support of his motion for summary judgment. One of the portions of the deposition submitted by the Plaintiff contains the following passage:

A. Can we take a five-minute break, Mr. Banta?

Q. If you could just answer this question, then we can take a short break.

A. Okay.

Q Exhibit 28.

A. Uh-huh, Yeah,

Q. And this is Officer Masks's statement that your're (sic) referring to?

A. Yes.

>Mr. Banta: Okay. You wanted to take a break?

>Witness: Yes Sir.

>Mr. BANTA: Okay. Go off the record.

(OFF RECORD).

DE 159-1 at 2-3). This passage from the deposition establishes that Smith's claim that the denial of his request for a restroom break exacerbated and intensified his fear of not being able to relieve himself is without merit.

For the foregoing reasons, the Court DENIES the Plaintiff's motion to strike and/or suppress his deposition (DE 164).

SO ORDERED.

Dated this 6th Day of August, 2012.

<u>S/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge